UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **GREGORY BAUMGARDNER**, 105 Zellers Lane Pataskala, Ohio 43062<br><br>Plaintiff,<br><br>v.<br><br>**M&T Bank** One M&T Plaza Buffalo, New York 14203<br><br>Defendant. | CASE NO.: 2:19-cv-3593<br><br>JUDGE:<br><br>**JURY DEMAND ENDORSED HEREIN** |

**COMPLAINT FOR MONEY DAMAGES**
**-LOSS MITIGATION FAILURES-**

**JURY DEMAND ENDORSED HEREIN**

The following allegations are based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief. Plaintiff, through counsel, alleges as follows:

**I. INTRODUCTION**

1. Plaintiff Gregory Baumgardner ("Mr. Baumgardner") applied for a loan modification with M&T Bank that was facially complete on July 30, 2018. Doing so triggers M&T Bank's obligation to review his application before filing a foreclosure action. Despite this, M&T Bank filed a foreclosure action against Mr. Baumgardner in direct violation of the Real Estate Settlement Procedures Act ("RESPA") and Regulation X, 12 C.F.R. § 1024.41(f)(2). M&T Bank continued to fail its obligations under RESPA,

1

which ultimately resulted in an unlawful foreclosure judgment against Mr. Baumgardner. Mr. Baumgardner now sues for damages for M&T Bank's unlawful conduct.

## II. PRELIMINARY STATEMENT

2. Plaintiff institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action against Defendant for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* and Regulation X, 12 C.F.R. § 1024.

## III. JURISDICTION

3. This Court has subject matter jurisdiction over Count One under RESPA, 12 U.S.C. 2614, and 28 U.S.C. 1331 and 1337.

4. The Court has personal jurisdiction over Defendant because Defendant transacts business within this District, the loan at issue was incurred within this District, and the property which was the subject of the loan at issue is located within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

5. Venue is proper in accordance with 28 U.S.C. § 1391(b)(2),because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and the property is located in this judicial district.

## IV. PARTIES

6. Plaintiff is a natural person currently residing within this Court's jurisdiction at 105 Zellers Lane, Pataskala, Ohio 43062.

7. At all relevant times, Plaintiff was and is a "person" within the meaning of RESPA at 12 U.S.C. § 2602(5).

8. At all relevant times, Plaintiff was and is a "borrower" within the meaning of RESPA.

9. Defendant is a company organized under the laws of the United States of America with its principal place of business in New York.

10. At all relevant times, Defendant was and is a "person" within the meaning of RESPA, 12 U.S.C. § 2602(5).

11. At all relevant times, Defendant was and is a loan "servicer" of Plaintiff's "federally related mortgage loan" within the meaning of those terms in RESPA respectfully at 12 U.S.C. §§ 2605(i)(2) and 2602(1).

12. At all relevant times, Defendant was engaged in "servicing" within the meaning of RESPA, 12 U.S.C. § 2605(i)(3).

## V. FACTUAL ALLEGATIONS

13. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

14. Each action or inaction alleged herein against Defendant is also an allegation of action or inaction by Defendant's agents, predecessors, successors, employees, contractors, assignees, assignors, and servicers, as appropriate.

15. On or around April 6, 2007, Plaintiff financed the residential real property located at 105 Zellers Lane, Pataskala, Ohio 43062 ("Home") with a note secured by a mortgage (collectively the "Mortgage Loan").

16. Plaintiff financed the Home through Defendant, and the terms included an interest rate of 6.375% and a ten-year period where Plaintiff was only required to pay the interest on the loan.

17. Plaintiff was laid off his primary job in 2015.

18. Plaintiff was laid off his secondary job in 2016.

19. Plaintiff called Defendant seeking help with the mortgage payments

20. Defendant suggested Plaintiff apply for a loan modification.

21. In 2017, the interest only period on the loan ended, and Plaintiff's monthly mortgage payments increased from One Thousand Eight Hundred and Six Dollars and Twenty Five Cents ($1,806.25) to Two Thousand Five Hundred and Nine Dollars and Ninety Nine Cents ($2,509.99).

22. Defendant told Plaintiff that Defendant would not move forward with a foreclosure lawsuit while Plaintiff was being considered for a loan modification.

23. Plaintiff submitted a loss mitigation application ("First Application") to Defendant on or around July 30, 2018, which included a letter explaining Plaintiff's financial hardship; a completed "Borrower Financial Report"; a completed 4506-T; proof of income; accounting of Plaintiff's bank account transactions for the prior three months, et cetera.

24. Defendant sent Plaintiff a letter on or around July 30, 2018.

25. Defendant's July 30, 2018 letter confirmed receipt of Plaintiff's First Application.

26. Defendant's July 30, 2018 letter did not notify Plaintiff whether the First Application was complete.

27. Defendant's July 30, 2018 letter did not request additional documents.

28. Defendant later requested additional documents from Plaintiff.

29. The aforementioned documents were due to Defendant on August 30, 2018.

30. Defendant sent Plaintiff a letter stating that all communications concerning the mortgage must be directed to Defendant's attorney on or around August 7, 2018.

31. Defendant filed a lawsuit to foreclose on the Home on or around August 20, 2018 in the Licking County Court of Common Pleas.

32. Defendant filed a Motion for Summary Judgment on or around January 16, 2019.

33. Plaintiff submitted a loss mitigation application ("Second Application") to Defendant on or around January 17, 2019.

34. Defendant sent Plaintiff a letter on or around January 17, 2019.

35. Defendant's January 17, 2019 letter confirmed receipt of Plaintiff's Second Application.

36. Defendant's January 17, 2019 letter did not request additional documents.

37. Defendant's January 17, 2019 letter did not notify Plaintiff whether the Second Application was complete.

38. Defendant later requested additional documents from Plaintiff.

39. The aforementioned documents were due to Defendant on February 17, 2019.

40. On or around February 4, 2019, Plaintiff sent Defendant documents in response to Defendant's January 18, 2019 request for documents.

41. Defendant did not respond in writing to Plaintiff's February 4, 2019 submission of documents.

42. Plaintiff submitted a loss mitigation application ("Third Application") on or around March 24, 2019.

43. On or around March 28, 2019, Defendant sent Plaintiff a letter asking for additional documents: two most current months of complete bank statement for all bank accounts, bank statements for account ending in #0354 for February and March of 2019, proof of rental income and deposit, and a lease signed by landlord and tenant.

44. The aforementioned documents were due to Defendant on April 17, 2019.

45. Plaintiff sent documents to Defendant on April 15, 2019 in response to this request.

46. Plaintiff continually supplied Defendant with documents as they were updated and became available on May 29, 2019; June 16, 2019; June 7, 2019; June 18, 2019; and July 1, 2019.

47. Defendant did not respond in writing to Plaintiff's submission of documents to ask for more documents.

48. Defendant did not respond in writing to Plaintiff's submission of documents to approve or deny Plaintiff's Third Application.

49. On or around May 2, 2019, the state court entered a decree of foreclosure ("Foreclosure") at Defendant's request.

50. On or around June 19, 2019, a private selling officer order of sale and order of appraisal was issued to the Licking County Sheriff for the Foreclosure at Defendant's request.

51. On or around July 31, 2019, the state court entered a notice of sale of the Home.

52. As a result of Defendant's actions, Plaintiff's home was unjustly foreclosed upon.

53. As a result of Defendant's actions, Plaintiff suffers severe emotional distress, including anxiety, stress, and sleepless nights.

54. As a result of Defendant's actions, Plaintiff incurred the legal fees and expenses of bringing this lawsuit and defending the aforementioned foreclosure lawsuit.

**VI. FIRST COUNT – RESPA Loss Mitigation**

55. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

56. Defendant's actions described in this Complaint constitute violations of RESPA, 12 U.S.C. § 1601, *et seq.*, and Regulation X, and 12 C.F.R. § 1024.41.

57. Plaintiff's First Application was facially complete on or around July 30, 2018, pursuant to 12 C.F.R. § 1024.41(c)(2)(iv).

58. By failing to evaluate Plaintiff for all loss mitigation options available in response to the First Application, Defendant violated Regulation X, 12 C.F.R. § 1024.41(c)(1)(i).

59. By failing to send Plaintiff notice within thirty days after receiving the First Application informing Plaintiff of all loss mitigation options, Defendant violated Regulation X, 12 C.F.R. § 1024.41(c)(1)(ii).

60. By failing to exercise reasonable diligence in obtaining documents and information to allegedly complete the First Application, Defendant violated Regulation X, 12 C.F.R. § 1024.41(b)(1).

61. By proceeding with a foreclosure action despite Plaintiff's pending First Application, Defendant violated RESPA and Regulation X, 12 C.F.R. § 1024.41 *et seq.*

62. By filing suit to foreclose on the Home despite Plaintiff's pending First Application, Defendant violated Regulation X, 12 C.F.R. § 1024.41(f)(2).

63. By moving for summary judgment in the Foreclosure, Defendant violated Regulation X, 12 C.F.R. § 1024.41(g).

64. The Second Application was facially complete on or about January 17, 2019, pursuant to 12 C.F.R. § 1024.41(c)(2)(iv).

65. By failing to exercise reasonable diligence in obtaining documents and information to allegedly complete the Second Application, Defendant violated Regulation X, 12 C.F.R. § 1024.41(b)(1).

66. By failing to respond to Plaintiff's February 4, 2019 production of documents within five days, Defendant violated Regulation X, 12 C.F.R. §1024.41(c)(3).

67. By failing to provide Plaintiff with notice that the Second Application was complete, Defendant violated Regulation X, 12 C.F.R. § 1024.41(b)(2)(i)(B).

68. By failing to promptly, upon receipt, evaluate the Second Application to determine if it was complete, Defendant violated Regulation X, 12 C.F.R. § 1024.41(b)(2)(i)(A).

69. By failing to evaluate Plaintiff for all loss mitigation options available in response to the Second Application, Defendant violated Regulation X, 12 C.F.R. § 1024.41(c)(1)(i).

70. By requesting an order of sheriff's sale, Defendant violated Regulation X, 12 C.F.R. § 1024.41(g).

71. By going forward with the sheriff's sale, Defendant violated Regulation X, 12 C.F.R. § 1024.41(g).

72. Plaintiff's Third Application was facially complete on or around April 15, 2019 pursuant to 12 C.F.R. § 1024.41(c)(2)(iv).

73. By failing to provide Plaintiff with notice of a reasonable date to submit additional documents to make the Third Application complete, Defendant violated Regulation X, 12 C.F.R. § 1024.41(b)(2)(ii).

74. By failing to promptly, upon receipt, evaluate the Third Application to determine if it was complete, Defendant violated Regulation X, 12 C.F.R. § 1024.41(b)(2)(i)(A).

75. By failing to evaluate Plaintiff for all loss mitigation options available in response to the Application, Defendant violated Regulation X, 12 C.F.R. § 1024.41(c)(1)(i).

76. By failing to send Plaintiff notice within thirty days after receiving the Application informing Plaintiff of all loss mitigation options, Defendant violated Regulation X, 12 C.F.R. § 1024.41(c)(1)(ii).

77. By failing to provide Plaintiff with the correct notices regarding Plaintiff's Third Application, Defendant violated Regulation X, 12 C.F.R. § 1024.41(b)(2)(i)(B).

78. By failing to inform Plaintiff of the right to appeal the denial of the request for a loan modification, Defendant violated Regulation X, 12 C.F.R. § 1024.41(c)(1)(i).

79. Defendant regularly fails to evaluate and process its borrowers' loss mitigation applications in compliance with RESPA and Regulation X.

80. Defendant regularly fails to administer foreclosure lawsuits it brings against borrowers in compliance with RESPA and Regulation X.

81. Defendant has engaged in a pattern or practice of non-compliance with the requirements of RESPA and Regulation X.

82. As a result of Defendant's actions, Plaintiff incurred actual damages, including but not limited to, loss of Plaintiff's home, foreclosure defense costs, increased interest on principal, etc.

83. As a result of Defendant's actions, Plaintiff suffers severe emotional distress, including anxiety, stress, and sleepless nights.

84. Due to these violations, Defendant is liable to Plaintiff for actual damages to be determined at trial, additional damages in the amount of at least $2,000, plus attorney fees, and costs of the action, including pursuant to 12 U.S.C. § 2605(f).

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court:

85. Assume jurisdiction of this case;

86. Declare Defendant's actions violate the RESPA, 12 U.S.C. § 2601, *et seq.* and Regulation X, 12 C.F.R. § 1024 *et seq.*

87. Award Plaintiff maximum damages on the Counts, including the maximum statutory damages available, the maximum economic and non-economic damages available, including actual, emotion, general, punitive, and other damages;

88. Award Plaintiff actual damages to be established at trial including pursuant to 12 U.S.C. § 2605(f);

89. Award Plaintiff statutory damages in the amount of at least $2,000, plus attorney fees, and costs of the action, including pursuant to 12 U.S.C. § 2605(f);

90. Award Plaintiff additional damages and costs;

91. Award such other relief as the court deems appropriate.

Dated this August 16, 2019.

Respectfully Submitted,
DOUCET & ASSOCIATES CO., L.P.A

/s/*Troy J. Doucet, Esq.*
Troy J. Doucet, Esq. (0086350)
700 Stonehenge Parkway, Suite 2B
Dublin, OH 43017
PH: 614-944-5219
FAX: 818-638-5548
Troy@Doucet.Law
*Attorney for Plaintiff Gregory Baumgardner*

## JURY TRIAL DEMANDED

Plaintiff respectfully requests a jury trial on all triable issues.

/s/*Troy J. Doucet, Esq.*
Troy J. Doucet, Esq. (0086350)